**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Orlando Diaz-Cruz,** | ) | **CASE NO. 1:01 CR 433-018** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### INTRODUCTION

This matter is before the Court upon Petitioner's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Doc. 348). Also pending is the Government's Motion to Dismiss Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 351). For the reasons that follow, petitioner's motion is DENIED and the government's motion is GRANTED.

### FACTS

On September 19, 2001, Petitioner, Orlando Diaz-Cruz, was named in an indictment. Thereafter, on March 6, 2002, the government filed a superseding indictment charging petitioner

1

with eight counts relating to drug trafficking. On August 29, 2005, petitioner plead guilty to count one of the superseding indictment, which charged him with conspiracy to possess with the intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of cocaine base, and to possess with the intent to distribute and to distribute 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

On November 28, 2005, this Court sentenced petitioner to 41 months incarceration and 3 years of supervised release. In addition, the Court ordered a $100 special assessment fee and required petitioner to surrender to U.S. Immigration and Naturalization Service for deportation as provided by law. On December 2, 2005, the judgment and commitment order was filed.

Petitioner did not appeal his conviction or sentence. On April 13, 2007, petitioner filed the instant motion. The government moves to dismiss the motion as untimely. Petitioner does not respond to the government's motion.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

**ANALYSIS**

Although unclear, it appears that petitioner is seeking a "downward departure" because he does not qualify for housing in a minimum security facility or community correction status as a result of his "deportation alien status." He seems to argue that disparate treatment due to his alien status violates the Equal Protection Clause, the Due Process Clause and the Equal Rights Act. The government moves to dismiss the motion as untimely. According to the government, petitioner filed his motion outside of the one year statute of limitations.

Upon review, the Court agrees with the government that petitioner's motion is untimely. A one-year statute of limitations applies to Section 2255 motions. The limitations period begins to run from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner does not argue that any of the circumstances set forth in subsections two through four should be applied in this case. Accordingly, the one year statute of limitations began to run on the date the judgment of conviction became final. The government argues that

petitioner's judgment of conviction became final on December 12, 2005[1], at the very latest. Petitioner offers no response. Given that petitioner did not file his motion until April 13, 2007, well outside the one-year statute of limitations, the Court finds that the motion is time barred. Accordingly, the Court will not reach the merits of the arguments raised by petitioner.

Certificate of appealability

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

[1] This date is ten days after this Court entered the judgment and commitment order.

4

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 is DENIED and the Government's Motion to Dismiss Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/30/07